WRIGHT, Presiding Judge.
This is an appeal from a grant of summary judgment. We reverse.
The issue is whether the trial court correctly granted motion for summary judgment to defendant as a matter of law upon a Rule 60(b) motion charging fraud because the motion was not filed within four months after judgment.
There was originally a divorce granted upon the petition and testimony of the wife. The judgment for divorce incorporated an agreement of the parties as to custody of children and their support and as to property settlement. The judgment was granted on April 18, 1977. In January 1978, the wife filed a petition against the husband to show cause why he should not be held in contempt of court for failure to comply with the judgment of divorce. As a second aspect of the petition the wife charged the divorce was obtained through fraud, threats, and intimidation committed upon her by the husband. She requested that the divorce be set aside or modified. The husband first answered by general denial and subsequently moved for judgment on the pleadings, or for summary judgment upon the second aspect of the petition requesting the setting aside of the judgment. As grounds for his motion the husband pleaded the four-month limitation applicable to a Rule 60(b)(3) motion to set aside a judgment for fraud.
In response to husband’s motion, the wife conceded that more than four months had elapsed since entry of the divorce and requested that the court consider her petition as an independent action and proceed to judgment thereon, or in the alternative to dismiss the matter without prejudice so that an independent action could be filed.
The matter proceeded to hearing on the pleadings and argument of counsel. The court granted summary judgment and dismissed the petition with prejudice, stating that its order was based on the stipulated fact that the divorce had been granted more than four months, and the charge that it was procured by fraud was barred by the four-month limitation of Rule 60(b) ARCP.
The wife appeals and submits that the trial court erred when it granted summary judgment to the husband without considering the merits of her petition to set aside on the ground of fraud solely on the fact of the expiration of four months since judgment. She contends the decisions in the cases of Brice v. Brice, 340 So.2d 795 (Ala.Civ.App.1976) and Crisco v. Crisco, 294 Ala. 168, 313 So.2d 529 (1975), are decisive precedents in this case. We agree and reverse.
Defendant defends the action of the trial court in brief with the contention that it is within the discretion of the trial court as to whether or not it will treat a motion to set aside a judgment for fraud as an independent action if the four months have expired for filing under Rule 60(b)(3). Defendant extended that contention further in oral argument by submitting that if the four months have expired, there is a burden upon the movant to present good excuse for not having filed within four months. His argument is, in effect, that the filing of a 60(b)(3) motion is an exclusive remedy during four months from judgment and the allowance of an independent action thereafter is discretionary with the court depending upon good excuse for not filing under 60(b)(3) within four months.
Defendant’s argument is interesting if one assumes that the remedy provided by' 60(b)(3) is exclusive for the first four months and that the right to a independent action arises only in instances where for good excuse action under 60(b)(3) was not taken. However, defendant’s argument loses its efficacy when it is considered that the relief provided by 60(b)(3) is not new and was available by statute long before the adoption of the ARCP. From the time of the first enactment of the statute, our Supreme Court has repeatedly stated that the remedy of the four months statute is not exclusive but is merely cumulative with that provided by the ancient bill of review in equity. In fact, defendant’s argument is *80 as old as the statute. It was apparently-made to the court in the trial of the case of Evans v. Wilhite, 167 Ala. 587, 590, 52 So. 845, 846, prior to 1910. The court said in that case:
“The probable theory upon which the chancellor proceeded was that the bill failed to aver that complainant was ignorant of the judgment being taken against him, until after the expiration of four months, within which time he could have obtained the relief desired by application to the circuit court which rendered the judgment; in other words, that the bill in this respect failed to show due diligence, and therein failed to show that complainant did not have a complete and adequate remedy at law. If this be the theory upon which the chancellor dismissed the bill, it is untenable. While the four months (Sec. 5372 of the Code of 1907) may have afforded the necessary relief in a court of law, from any judgment such as the one here sought to be vacated, yet it is not the exclusive mode of relief, but is concurrent and cumulative with that of equity.”
This statement is now exemplified in Rule 60(b) when by way of confirming existing law, it is provided, “This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment ... to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”
It is the opinion of this court that the clear words of the judgment of the trial court indicate that a statute of limitation of four months was imposed upon the right of the wife to set aside the judgment for fraud. The court stated that the fact as to which there was no dispute, and upon which it granted summary judgment, was the expiration of four months. This determination was one of law and not an exercise of discretion.
Defendant argues that the granting or denial of a 60(b) motion is a matter of discretion. We find no fault with that argument, but such discretion is exercised after hearing on the merits of the motion. That was not done here. The court determined as a matter of law, from the pleadings, imposing a statute of limitations, that plaintiff had no right to be heard on the merits of her claims of fraud. It is for that act of exclusion from remedy, a dismissal of her petition with prejudice, that we find error.
We do not determine if entertaining a 60(b) motion as an independent action is discretionary with the trial court. That is clearly not the basis of the judgment in this case. However, in light of the purpose and policy of the Rules of Practice and Procedure as stated in Rules 1 and 2, it would appear contrary thereto if the trial court required a separate and independent action after the filing of a motion to set aside a judgment for fraud. The judgment below is reversed and set aside.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.