BEATTY, Justice.
This action was initiated in the Circuit Court of Jefferson County on September 9, 1976, and arose out of an occurrence wherein the plaintiff’s hand was injured and later amputated after being caught in a die cast machine. The original complaint contained allegations against The Hartford Insurance Company, as the workmen’s compensation carrier for the plaintiff’s employer, and several individual defendants who were corporate officers of the plaintiff’s employer or co-employees of the plaintiff. The defendant, Die Casters Equipment Corporation, manufacturer of the die cast machine involved in the accident, was substituted as a party defendant by amendment.
The case was set for a peremptory call on October 23, 1979, at which time the circuit court required the plaintiff to show cause why the case should remain on the active docket. The court heard arguments of the *935 parties on October 23, 1979. The plaintiff contends that the court at that time indicated that the case would remain on the active docket. Unknown to the plaintiff, however, the case was dismissed for want of prosecution.
The plaintiff subsequently discovered that the case had been dismissed and on May 30,1980, filed a motion to reinstate the case. The motion was opposed by the defendant Hartford Insurance Company; however, the trial court granted the motion and restored the case to the active trial docket. The defendants then filed motions to reconsider reinstatement, which were denied after a hearing on the matter. All the defendants filed notices of appeal from the order which reinstated the case. The plaintiff filed a motion to dismiss the appeals on the ground that the trial court’s order was interlocutory. This Court dismissed the appeals in September 1980. The defendants filed petitions for writs of mandamus or, in the alternative, writs of prohibition, as alternative remedies, after the plaintiff moved to dismiss the appeals. It is these petitions which are presently before the Court. The sole issue presented is whether this Court should grant the petitions for writs of mandamus and thereby require that the trial court’s order reinstating this case be vacated. We deny the writs.
The petitioners-defendants contend that the plaintiff’s motion to reinstate should not have been granted because the motion failed to state any valid ground for setting aside a dismissal.
Rule 41, ARCP, deals with dismissals. The committee comments on that rule state that a dismissal may be set aside “like any other judgment, on proper motion under Rule 60(b).” Rule 60(b), ARCP, provides in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken....
The petitioners contend that the plaintiff failed to present a valid 60(b) motion and that even if the plaintiff did present a motion under 60(b), the motion was pursuant to Rule 60(b)(1), and therefore it was untimely and the trial court was without jurisdiction to grant the motion.
It is clear that under the new Rules of Civil Procedure, nomenclature of a motion is not controlling. Thus, the trial court properly considered the motion as a 60(b) motion, even though the original motion for relief was designated as a “Motion to Reinstate.”
As grounds for the motion plaintiff argued: (1) that the law dealing -with workmen’s compensation and co-employee immunity was unsettled in this state; furthermore, that the same issue was pending before this Court in Johnson v. American Mutual Liberty Ins. Co., 394 So.2d 1 (Ala. 1980), and that the custom in the Jefferson County Circuit Court was to hold a case in abeyance until the pending issues had been resolved; (2) that the plaintiff could show activity in the prosecution of the case in recent months; and (3) that his counsel did not know of the dismissal of the case until he discovered a cost bill which had earlier been received by a member of his law firm, but which had inadvertently been overlooked.
The plaintiff’s third ground that he was unaware of the dismissal because an attorney in the firm representing him inadvertently overlooked the cost bill, states a 60(b)(1) ground for setting aside a dismissal, i. e., mistake, inadvertence or excusable neglect. It is clear that such a claim is barred, since motions under Rule 60(b)(1) must be made within four months after the order was entered.
The plaintiff contends, however, that his motion to reinstate was made pursuant to Rule 60(b)(6), ARCP, under which *936 relief may be granted within a “reasonable time.” Operating as a “catch all” provision, Rule 60(b)(6) allows a dismissal to be set aside for “any other reason justifying relief.” This provision is designed to operate exclusive of the specific grounds listed in Rule 60(b)(1) through (5), and a party may not escape the time limits of Rule 60(b)(1) merely by characterizing his motion as a Rule 60(b)(6) motion. United States v. Cirami, 563 F.2d 26 (2d Cir. 1977).
It is important to note that Rule 60(b)(6) contains two very important prerequisites to its application: first, the motion must be based on some reason other than those stated in clauses 60(b)(1) through (5) and second, the reason urged for relief must be such as to justify relief. 7 Moore, Federal Practice, § 60.27[1] p. 343 (2d ed. 1972). While it is true that the plaintiff’s third ground for relief was a Rule 60(b)(1) ground, the other grounds given are reasons other than those listed in Rule 60(b)(1) through (5).
Relief is justified under a Rule 60(b)(6) motion when a party is able to show exceptional circumstances sufficient to entitle him to relief. Textron, Inc. v. Whitfield, Ala., 380 So.2d 259 (1979); Nunn v. Stone, Ala.Civ.App., 356 So.2d 1212 (1979). The decision of whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. Textron v. Whitfield, supra; Pierson v. Pierson, Ala., 347 So.2d 985 (1977). In reviewing a ruling of a trial court on a Rule 60(b)(6) motion, the trial court’s decision will not be disturbed unless it is determined “that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.” Textron v. Whitfield, supra, quoting Nunn v. Stone, supra.
Since the trial court heard the evidence on the relative harm to each party and on the confusing state of the law and was well aware of the custom in the Jefferson County courts of keeping cases in abeyance until the determination of a pending issue, we believe that it was in the best position to determine whether exceptional circumstances existed. A review of the record discloses no abuse of discretion.
Mandamus itself is an extraordinary remedy which should only be granted when there is a clear showing that the trial court abused its discretion and exercised it in an arbitrary or capricious manner. McDowell-Purcell, Inc. v. Bass, Ala., 370 So.2d 942 (1979). Absent any abuse of discretion, mandamus does not lie. For these reasons the petitions for writs of mandamus must be denied.
WRITS DENIED.
JONES and SHORES, JJ., concur.
TORBERT, C. J., and MADDOX, J., concur specially.