Mrs. Wiggins and her husband filed suit for damages against Tuscaloosa Warehouse Groceries for injuries suffered by Mrs. Wiggins resulting from a fall. The process papers were served on an assistant store manager on November 9, 1979. He submitted them to the manager, who notified the insurance carrier, and forwarded the papers to it. The carrier failed to forward them to its attorney within the 30-day answer period.
On December 11, the Wigginses applied for an entry of default, and requested the trial court to determine the amount of damages. On December 14, a default judgment was entered for them for $25,000.00. On January 9, 1980, Tuscaloosa Warehouse made its first appearance by filing a motion *Page 92 
to set aside the default. The trial judge entered an order setting aside the default on March 10, and restored the case to the trial docket. Following this, the Wigginses, on April 11, moved to reconsider and to reinstate the default because, they allege, the judge lacked jurisdiction, and because Tuscaloosa Warehouse failed to show grounds warranting setting aside the default. This motion was denied on April 15.
Next, the Wigginses filed a petition for a writ of mandamus asking this Court to order the trial court to grant their motion for reconsideration, to strike its order setting aside the default, and to reinstate it. They further prayed for a writ of prohibition to prevent the trial court from exceeding its jurisdiction by considering the motion to set aside the default after thirty days had elapsed from entry of judgment, and by staying execution on the default judgment. We deny the petitions for writs of mandamus and prohibition.
Under Rule 55 (c), ARCP, a trial court, in its discretion, may set aside a judgment by default within 30 days after its rendition. After 30 days has passed since the entry of the default judgment, Rule 60, ARCP, becomes available to a party who has had a default judgment entered against him. Under Rule 55 (c), the defaulting party must have the trial court act to set aside the default within 30 days after the rendition of thejudgment. Merely filing a motion to set aside the default without any action by the trial court within the 30-day period is not sufficient. This interpretation of the rule is in keeping with the decisions of this Court before adoption of the Rules of Civil Procedure. Cf. Kelley v. Chavis, 225 Ala. 218,142 So. 423 (1932). In Kelley, Mr. Justice Foster stated,
 It was not the duty of the Clerk to call the motion to the attention of the judge, but such duty is upon the movant. It is an absolute duty, and the failure to cause him to act on or continue it terminates the power of the court to act upon the motion.
See also Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664
(1918); Dulin v. Johnson, 216 Ala. 393, 113 So. 397 (1927). Here, Tuscaloosa Warehouse filed its motion 29 days after entry of the default judgment, but did nothing to have the trial judge to act — to set aside or to continue — within the 30 days time period. Consequently, under Rule 55 (c), ARCP, the trial judge had no jurisdiction to set aside the judgment on March 10, 1980.
But, we have treated Tuscaloosa Warehouse's motion as an ARCP, Rule 60 (b) motion. And, in doing so, we find sufficient evidence to sustain the trial judge's order denying the Wigginses' motion to reconsider and reinstate the judgment.
At the hearing on Tuscaloosa Warehouse's motion to set aside, Mr. Davidson, counsel for Tuscaloosa Warehouse, stated that the insurer, Travelers Insurance Company, had a new employee who did not recognize the significance of a summons and complaint, and did not tell his supervisor. Consequently, by the time Mr. Davidson received the documents, the answer period had expired. While this statement may not have been the true and proper form that it should have been, Mr. Davidson is an officer of the court, and we assume that it is a true statement. Without stating it, apparently the trial judge found excusable neglect, a ground in Rule 60 (b)(1), which justified setting aside this default judgment. This is what the trial judge said:
 THE COURT: Well, let me say this. It has been sort of the rule of "do it" around here, around this bar where opposing counsel, where opposing counsel are on what you might say pretty good terms, to deal with each other on a reasonably friendly basis. I mean I don't ask for anybody to agree to anything, but I will be inclined where somebody comes in and says they have got a good defense to have their day in court.
We opine that the trial judge's orders setting aside the default judgment, and denying the motions to reconsider and reinstate the judgment were correct. *Page 93 
THE PETITIONS FOR WRITS OF MANDAMUS AND PROHIBITION ARE DENIED.
JONES, ALMON, EMBRY and ADAMS, JJ., concur.