This is an appeal from the trial court's order setting aside a default judgment. For reasons stated below, we dismiss the appeal.
Appellant George Havel, a general contractor, was named as a third party defendant in a case involving breach of contract in the construction of a building. Havel, in turn, filed a third party complaint against appellee M.D. Dawkins, a subcontractor who had worked on the foundation of the building.
An entry of default was entered against Dawkins. Thereafter, on October 3, after a jury trial, judgment was entered against Havel in the breach of contract action.
On November 7, a default judgment in the amount of $10,000 was entered against Dawkins and in favor of Havel. On November 19, Dawkins filed a motion to set aside the entry of default and default judgment. In his motion to set aside, Dawkins alleged that Havel had fraudulently misrepresented to him that it would not be necessary for Dawkins to answer the third party complaint filed by Havel. Dawkins further contended that he had a meritorious defense to the third party complaint which he should be allowed to present to a jury.
On December 19, the trial court ordered that the motion to set aside the default be set for a hearing on February 17. After hearing testimony on that date, the trial court denied Dawkins's motion to set aside the default.
Dawkins, on February 27, filed a "Motion for a Rehearing on Motion to Set Aside Entry of Default and Default Judgment." The second motion contained essentially the same issues as the prior motion to set aside the default. The trial court held a hearing on this new motion in March. Thereafter, on April 22, the trial court granted Dawkins's motion for rehearing and ordered the entry of default and default judgment be set aside.
Havel appeals from the April 22 order of the trial court. He, through able counsel, contends the trial court erred in rehearing the motion to set aside the default and in ordering the default to be set aside.
Both Havel and Dawkins, on appeal, apparently concede that Dawkins's first motion must be treated as a rule 60 (b), A.R. C.P., motion. We agree.
Rule 55 (c), A.R.C.P., provides that a judge, in his discretion, may set aside a judgment by default within thirty days. The Committee Comments to rule 55 (c) state that ". . . Rule 60 becomes available when more than thirty days has passed since the entry of the judgment by default."
In the instant action, the trial court did not rule upon the motion to set aside the default within thirty days as provided by rule 55 (c). Therefore, the only relief available to Dawkins was provided by rule 60. Elliott v. Stephens, 399 So.2d 240
(Ala. 1981).
In sum, in this instance, in view of the allegations contained in the petition, what was originally a rule 55 (c) motion was properly considered a rule 60 (b) motion after the passage of thirty days. The trial court, pursuant to rule 60 (b), had jurisdiction at the February hearing to consider the motion to set aside the default. Elliott v. Stephens, supra;Wiggins v. Tuscaloosa Warehouse Groceries, Inc., 396 So.2d 91
(Ala. 1981).
As stated earlier, the trial court denied Dawkins's motion to set aside the default on February 17. Thereafter, on February 27, Dawkins filed his motion for rehearing on the motion to set aside the default. The trial court took testimony on this second motion in March.
Both Havel and Dawkins contend the two motions contained identical arguments, although the second motion expanded Dawkins's claim of a meritorious defense. Also, both parties agree that testimony was very similar at the February and March hearings.
The only significant difference, then, is that the trial court denied the motion to set *Page 802 
aside the default after the February 27 hearing, and granted the motion to set aside the default after the rehearing in March.
The next issue before this court, then, is whether it is error for a trial court to reconsider its order denying a rule 60 (b) motion seeking relief from a default judgment. In light of the facts of the instant appeal, we find no reversible error.
Havel contends on appeal that the trial court had no authority to grant a motion to rehear a previously denied rule 60 (b) motion requesting relief from default. He states that the motion for rehearing constituted a second rule 60 (b) motion containing grounds identical to those in the earlier 60 (b) motion. Havel contends it is error for the trial court to allow successive rule 60 (b) motions when no new issues or defenses are raised.
We initially note that Dawkins's second motion, styled "Motion for Rehearing on Motion to Set Aside Entry of Default and Default Judgment," is not a new rule 60 (b) motion. Rather, it is a request that the trial court reconsider the earlier rule 60 (b) motion. A "rehearing" refers to a second consideration of the cause for the purpose of calling to the court's attention any error, omission, or oversight in the first consideration. Black's Law Dictionary 1157 (5th ed. 1979).
We have found no specific Alabama cases in which the trial court has granted a motion to reconsider a rule 60 (b) motion asking for relief from a default judgment. The Supreme Court of Alabama, however, has recognized that a trial court has the authority to reconsider its ruling upon a motion to set aside a default judgment.
In Wiggins v. Tuscaloosa Warehouse Groceries, Inc., supra, the trial court denied a motion to reconsider the granting of a motion to set aside a default judgment. The supreme court said:
 [W]e have treated Tuscaloosa Warehouse's motion as an ARCP, Rule 60 (b) motion. And, in so doing, we find sufficient evidence to sustain the trial judge's order denying the Wigginses' motion to reconsider and reinstate the judgment. (Emphasis supplied.)
396 So.2d at 92.
Similarly, in Cockrell v. World's Finest Chocolate Co.,349 So.2d 1117 (Ala. 1977), the trial court denied a motion to reconsider the denial of a motion to set aside a default judgment. In finding the appeal was timely, the supreme court stated:
 Consequently, there is only one order from which this appeal could have been taken — the denial of the motion to reconsider the denial of the motion to set aside the judgment. (Emphasis supplied.)
349 So.2d at 1119. Clearly, the majority in Cockrell, over a strong dissent by our distinguished Chief Justice Torbert, recognized and approved the trial court's authority to entertain a motion to reconsider a motion requesting relief from a default judgment.
There is other authority for the proposition that a motion for reconsideration of the denial of a motion for relief under rule 60 (b) may be made at any time prior to the running of the time for appeal. See Sleek v. J.C. Penney Co., 292 F.2d 256 (3d Cir. 1961); 7 Moore's Federal Practice ¶ 60.28 [3].
In accord with Wiggins and Cockrell, the trial court in the instant action committed no error in deciding to rehear the motion to set aside the judgment of default. Dawkins filed his motion for rehearing only ten days after the February 17 order denying his motion to set aside. This was well within the time for appealing the denial of the rule 60 (b) motion.
Clearly, Dawkins and the trial court treated the second motion to be a reconsideration of Dawkins's earlier motion. The trial court, in the April 22 order, specifically noted that it had been asked to "reconsider its ruling on this matter heard on February 17." We find in this instance, in accord with the above cited authority, the trial court's action of entertaining and deciding the timely filed motion to rehear the motion to set aside the default judgment to be within the trial court's power.
It is therefore clear to this court that the April 22 order, from which Havel now appeals, *Page 803 
granting the rehearing on the motion to set aside the default and setting aside the default judgment is in effect simply an order setting aside a default judgment.
An order granting a motion to set aside a default judgment and proceed to trial is interlocutory and not appealable.Fisher v. Bush, 377 So.2d 968 (Ala. 1979). It logically follows, then, that the order granting the motion to rehear the motion to set aside the default and thereafter setting aside the default is interlocutory and not appealable at this time.
We, therefore, may not consider in this case whether the trial court abused its discretion in setting aside the judgment of default. Sullivan v. Speedway Oil Co., 352 So.2d 1383
(Ala.Civ.App. 1977). The appeal is due to be dismissed.
During oral argument, able counsel for the appellant requested that this court consider his appeal in the alternative as a petition for mandamus. Specifically and candidly he makes this request to avoid, as indicated above, the interlocutory posture of the case.
We do not find it proper or permissible in this case to grant the writ of mandamus. To grant an individual a writ of mandamus, there must be (a) a clear legal right in petitioner to the order sought, (b) an imperative duty upon the respondent to perform accompanied by a refusal to do so, (c) lack of another adequate remedy, and (d) the jurisdiction of the court must be properly invoked. Martin v. Loeb and Company,349 So.2d 9 (Ala. 1977).
Havel does not establish the proper criteria in his request for mandamus to allow the extraordinary writ to be granted. Primarily, in light of the above discussion, we cannot say there was an imperative duty in the trial court to deny the motion for rehearing. Secondly, and perhaps more importantly, Havel does have another adequate legal remedy, in that any error committed by the trial court in granting Dawkins's motion will be preserved on any appeal that might subsequently be taken.
We would further note that in view of the restrictive criteria used in determining the propriety of the issuance of a writ of mandamus it would appear not to be in the appellant's best interest for this court to consider appellant's contention via mandamus.
For the foregoing reasons, the appeal should be dismissed.
APPEAL DISMISSED.
WRIGHT, P.J., and BRADLEY, J., concur.