This is a workmen's compensation case.
On September 28, 1980 the father of David Earl Boles and Robert Stacy Boles was killed in a work-related accident. The employer, Hooper McDonald, Inc., and the minor children, by and through their mother, Shirley Boles, as guardian, entered into a settlement agreement for workmen's compensation benefits on November 12, 1980. The minor children's parents were divorced prior to the accident. According to the terms of the court-approved workmen's compensation settlement, the children were considered partial dependents *Page 636 
and as such were entitled to five hundred weeks of benefits at $44 per week to be paid in the lump-sum amount of $17,518. Shirley Boles was represented by an attorney at the time the settlement was reached.
On August 4, 1981, more than eight months after the settlement, Shirley Boles, in her capacity as guardian for the minor children, filed a complaint in Coffee County for workmen's compensation benefits. Pursuant to a motion by the defendant, Hooper McDonald, Inc., the case was transferred to Covington County. The defendant filed a motion for summary judgment and asserted in an affidavit that the workmen's compensation claim was barred by the previous settlement between the parties. In plaintiffs' affidavit in opposition to the motion, the mother's attorney claimed that the children were wholly dependent upon their father for support prior to his death. Her attorney further asserted that the "settlement was unreasonable, unfair and not within the contemplation of the Workmen's Compensation Act."
The Circuit Court of Covington County granted the defendant's motion for summary judgment on May 28, 1982. The plaintiffs moved for a rehearing and this was denied. From this summary judgment plaintiff appeals.
Plaintiffs argue that the children were improperly designated as partially dependent and, therefore, the settlement award was grossly inadequate and in conflict with sections 25-5-60 and -61, Code 1975. This settlement, plaintiffs claim, was represented to both the court and to them as being substantially in accordance with the workmen's compensation statutes. According to the plaintiffs, the court's approval of the settlement was procured by fraud upon the court.
Plaintiffs assert in brief that, under rule 60 (b) of the Alabama Rules of Civil Procedure, they have three avenues of relief from this judgment. This order approving the settlement may be set aside: (1) under A.R.Civ.P. 60 (b)(6) as being unjust and for failing to comply with Alabama's workmen's compensation law; (2) pursuant to an independent action as provided for in rule 60 (b); or (3) for fraud upon the court as provided in rule 60 (b).
 "The normal procedure to attack a judgment under this rule will be by motion in the court which rendered the judgment. If the relief does not appear to be available under the rule, or if relief from the judgment is sought in some other court than the court which rendered the judgment, the party should bring an independent proceeding. But an erroneous choice between these procedures is not fatal to the party attacking the judgment. There is little procedural difference between the two methods of attack, and since nomenclature is unimportant, courts have consistently treated a proceeding in form an independent action as if it were a motion, and vice versa, where one but not the other was technically appropriate, and any procedural difference between them was immaterial in the case." (Citations omitted.)
Committee Comments, A.R.Civ.P., 60 (b). For purposes of attacking the settlement award, it is of little consequence whether plaintiffs filed a complaint and proceeded on the theory of an independent action or filed a motion as provided in the rule.
In their brief, plaintiffs devote a large portion of their argument to showing that the children were erroneously considered partial dependents, and because of this, the amount of the judgment was inadequate. The Alabama Supreme Court inRaine v. First Western Bank, 362 So.2d 846 (Ala. 1978), stated:
 "It is equally well-settled that the denial of a 60 (b) motion does not bring up for review on appeal the correctness of the judgment which the movant seeks to set aside, but is limited to deciding the correctness of the order from which he appeals."
We, therefore, will not address whether the original judgment was correct. See also Metropolitan Life Insurance Co. v. Akins,388 So.2d 999 (Ala.Civ.App. 1980).
The granting or denying of relief pursuant to A.R.Civ.P., 60 (b) is a matter *Page 637 
largely within the trial court's discretion. The decision of whether to grant or deny such relief will not be reversed on appeal unless it is plainly shown that the court abused its discretion. Hartford Insurance Co. v. Lagano, 394 So.2d 933
(Ala. 1981); Pittman v. Pittman, 397 So.2d 139 (Ala.Civ.App.),cert. denied, 397 So.2d 142 (Ala. 1981).
In determining whether there was an abuse of discretion in denying the relief, this court looks to the grounds presented by the motion and matters presented in support thereof. Pittsv. Henley, 384 So.2d 1105 (Ala.Civ.App. 1980). No grounds for overturning the judgment were given in the plaintiffs' workmen's compensation complaint and, in fact, no mention was made in the complaint of the prior settlement agreement. In plaintiffs' affidavit in opposition to summary judgment, they asserted as a ground for overturning the judgment that the children were wholly dependent, both statutorily and in reality, upon their father; thus the settlement was unreasonable, unfair and not within the contemplation of the workmen's compensation act. On appeal, it appears that they raise, for the first time, the issue of fraud. This court will not entertain issues not raised below. Blackmon v. R.L. ZeiglerCo., 390 So.2d 628 (Ala.Civ.App.), cert. denied, 390 So.2d 635
(Ala. 1980).
Plaintiffs contend here as they did in the trial court that the court erroneously awarded benefits based on its conclusion that the children were partial dependents of their deceased father rather than full dependents. There is no evidence in the record, however, that the defendant knowingly misinterpreted the law and did so with the intent to defraud the court and the plaintiffs. A mistake of law is not mistake, inadvertence, surprise or excusable neglect as embodied in A.R.Civ.P. 60 (b)(1). City of Birmingham v. City of Fairfield, 396 So.2d 692
(Ala. 1981). Nor can a mistake of law be a basis for granting relief under A.R.Civ.P. 60 (b)(6). This rule was not intended as a method for a judge to review his legal conclusions. Cityof Birmingham v. City of Fairfield, supra.
The plaintiffs argue that the court erred in denying their rule 60 (b) effort by way of a summary judgment. They base their position on Evans v. Evans, 365 So.2d 78 (Ala.Civ.App. 1978). We did say in Evans, in response to argument by the defendant, that the grant or denial of a 60 (b) motion is a matter of discretion and that such discretion should be exercised after a hearing on the merits. Also, that the trial court did not hear the matter on the merits but rather determined as a matter of law that the 60 (b) motion should be denied. We concluded, however, that the court had erroneously determined rule 60 (b) to be a statute of limitation when, in truth, it was not an exclusive limitation of the time within which a claim for relief from a judgment based on fraud could be maintained. Therefore, the plaintiff in Evans would have an opportunity to show that another time period governed the filing of an action to review a judgment allegedly obtained by fraud. That is, an independent action alleging fraud on the court could be filed within a period of three years. Brice v.Brice, 340 So.2d 792 (Ala. 1976).
In the case at bar the factual situation is different fromEvans. Here the facts supportive of the summary judgment motion were not in dispute and the trial court ruled as a matter of law that the 60 (b) motion should be denied. As noted above, the court properly reached such a result. It had no authority to review its legal conclusions in such a manner. Hence, it had no discretion to exercise.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result. *Page 638