The sole issue arising from this appeal is whether the trial court properly granted motions for new trial filed by both sides.
The facts of this case are as follows:
George Black, his wife Linda Black, and the corporation they own, Tri-States Agri-Supply, Inc., are the appellants in this case. *Page 1029 
The Blacks purchased Tri-States Agri-Supply from the appellees, Billy Hodges and his wife, Louise Hodges. The Blacks brought suit in which they charged the Hodgeses with breach of contract, fraud and conversion in the Hodgeses' sale of Tri-States Agri-Supply to them. The Blacks sought damages which they allegedly suffered because they were misled concerning the debts and financial operations of Tri-States Agri-Supply. The Blacks asserted that during the negotiations for the sale of the business, the Hodgeses misrepresented the actual fiscal status of Tri-States Agri-Supply. The Hodgeses denied the charges, and in addition, claimed the Blacks owed them $25,000 on an outstanding promissory note. From the evidence presented, the court could have found that the Blacks agreed to pay the $25,000 note, with interest, as partial payment of the purchase price of Tri-States Agri-Supply. In addition, the court could have found from the evidence that the Blacks agreed to assume the payments on the balance of an outstanding Small Business Administration loan the company owed.
A special judge heard the case, because the judges of the Circuit Court of DeKalb County recused themselves. After hearing the case ore tenus, the trial judge awarded the Blacks an amount of $45,000 in damages and also ordered the Blacks to pay the Hodgeses the $25,000 principal on the note. He also ordered the Hodgeses to pay the costs of the proceeding.
After the trial judge rendered his judgment, the Hodgeses moved for a new trial. The Blacks (appellants) also moved for a new trial, asserting that the trial court improperly awarded the Hodgeses the $25,000. The Blacks contended that the $25,000 should be stricken from the judgment.
The trial court granted both sides' motions for a new trial, and in a written order stated:
 "The defendants, Billy Hodges and Louise Hodges, move for judgment non obstante veredicto or, in the alternative, for a new trial.
 "The plaintiffs, George Black, Linda Black and Tri-States Agri-Supply, Inc., also move for a new trial.
 "It appears that plaintiffs and defendants are dissatisfied with the judgment.
 "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by this court that the final judgment of the court heretofore rendered is vacated, annulled and held for naught and the plaintiffs' motion for a new trial and defendants' motion for a new trial is granted and this cause is restored to the trial docket for further proceedings." (Emphasis added.)
The Hodgeses are satisfied with the trial court's order granting a new trial, but the Blacks seek to have the order granting a new trial reversed. On appeal, they urge this Court to affirm the judgment as to the $45,000 award of damages to them, and to reverse the trial court's order for a new trial, and that part of the judgment which ordered them to pay appellees $25,000 on the promissory note. They claim that there was no evidence to support the judgment for $25,000.
This case was tried by the court without a jury. Rule 59 (a), ARCP provides:
 "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."
The scope of review regarding the grant of a new trial under Rule 59 (a), is set forth in the Committee Comments to Rule 59 as follows:
 "It is immaterial in determining the grounds for which a new trial can be granted under this rule whether the action is one which heretofore would have been `legal' or `equitable.' Instead it is the nature of the trial, whether to a jury or to the court, which determines whether the former law grounds or the former equity grounds are to be relied upon."
We determine that this action is one which heretofore would have been a "legal" action; therefore, we apply the principles of *Page 1030 
law applicable where a trial court grants a new trial in a case which would have heretofore been a "legal" action. That rule of review is that "[g]ranting or refusing a motion for new trial rests within the sound discretion of the trial court" and "the exercise of that discretion carries with it a presumption of correctness which will not be disturbed by this court unless some legal right was abused and the record plainly and palpably shows the trial court was in error." Hill v. Cherry,379 So.2d 590 (Ala. 1980).
Even though the court did state in its order that it appeared that both parties were "dissatisfied" with the judgment, we do not understand this statement as being the underlying reason for the court's granting of both motions for a new trial. The fact that both sides asked for a new trial indicates that both sides were dissatisfied with the judgment as it was rendered.
We are aware of the rule that this Court has stated, in cases involving jury verdicts, that "[w]hether either party is satisfied is not controlling when courts are called upon to disturb their findings," Vester J. Thompson, Jr. Inc. v.Shelton, 277 Ala. 148, 151, 167 So.2d 715 (1964), but this case was tried by the court without a jury, and there is no showing, in this case, that the trial judge, who was the trier of fact, abused his discretion. The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.