BRADLEY, Judge.
This is an action seeking to set aside a default judgment.
On July 27, 1983 plaintiff, Ethel Curry, filed suit against defendant, Major Williams, seeking damages for injuries sustained as a result of an assault and battery. The sheriff’s return indicated that defendant was served with process on August 9, 1983. After defendant failed to respond to the suit within thirty days, a default judgment was entered on October 24, 1983 in favor of plaintiff and against defendant in the amount of $5,000.
On January 17,1984, within four months from the entry of the default judgment, defendant filed a motion to stay execution and a motion for relief from judgment. Rule 60, Alabama Rules of Civil Procedure. The trial court granted the motion to stay execution and, after a hearing, denied the motion for relief from judgment on Febru•ary 16, 1984.
*44 On March 19, 1984 defendant filed a motion for reconsideration of the February 16, 1984 order. The court granted the motion on March 23, 1984 and set aside the default judgment. Thereafter, plaintiff filed a motion to vacate the order granting the motion to reconsider and setting aside the judgment of default, alleging that the court was without jurisdiction to set aside the judgment.
On April 16, 1984 the court granted the motion to vacate its March 23 order. From this ruling defendant appeals.
It is argued here that the trial court erred in vacating its order setting aside the default judgment. We find no error and affirm.
We acknowledge that default judgments are not favored by the courts, and discretion to grant such judgments should be resolved in favor of the defaulting party when there is doubt as to the propriety of the default judgment. Bush v. James T. Johnson & Co., 411 So.2d 139 (Ala.Civ.App.1982). Trial courts are accorded broad discretion on motions to set aside default judgments; an appellate court will not disturb the trial court’s grant or refusal unless there is an abuse of discretion. Holt v. David G. Steven, Inc., 416 So.2d 1071 (Ala.Civ.App.1982); Bush v. James T. Johnson & Co., supra.
Rule 55(c), A.R.Civ.P., provides that the court may set aside a judgment by default on the motion of a party filed not later than thirty days after the entry of the judgment. When more than thirty days have passed since entry of the judgment by default, a party may still obtain relief from the judgment under rule 60(b).
“By the specific provisions of rule 60(b)(1), (2), and (3), a motion for relief from judgment based upon mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, must be filed not more than four months after the judgment was entered. A motion filed pursuant to rule 60(b)(6) permits relief from judgment in the discretion of the trial court for ‘any other reason justifying relief,’ and allows a motion to be filed within a reason-time from entry of judgment.
“Relief is justified under rule 60(b)(6) when a party is able to show exceptional circumstances sufficient to entitle him to relief. Rodgers v. Rodgers, 424 So.2d 647 (Ala.Civ.App.1982). For rule 60(b)(6) to be available as a device for extraordinary relief, two prerequisites must be satisfied. First, the motion must be based on some reason other than those stated in rule 60(b)(1) through (5); and, second, the reason urged for relief must be such as to justify relief. Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala.1981).”
Roberts v. Roberts, 446 So.2d 641 (Ala.Civ.App.1984) (emphasis added).
In the case before us defendant has filed two different motions seeking relief. The first motion, filed on January 17, 1984 and within four months from the entry of the default judgment, was a motion for relief from judgment and was timely under rule 60(b). However, after a hearing on the motion it was denied by the court apparently on evidence presented that although defendant was personally served with a copy of the summons and complaint on August 9, 1983 he failed to respond within thirty days. Thus, any doubt about whether to grant the default judgment was resolved against defendant by his failure to plead or otherwise defend himself upon notice of the suit. See Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala.1982).
The second motion, a motion styled as a “motion for reconsideration,” was filed on March 19, 1984 and within thirty days of the February 16, 1984 order.
We have held that a motion to reconsider an order denying a rule 60(b) motion seeking relief from a default judgment is valid and proper. Havel v. Dawkins, 412 So.2d 800 (Ala.Civ.App.1982); Graham v. University Credit Union, 411 So.2d 144 (Ala.Civ.App.1982). We have also held that a motion for reconsideration of a motion for relief under rule 60(b) may be made at *45 any time prior to the running of the time for appeal. Havel v. Dawkins, supra; Graham v. University Credit Union, supra.
Since the motion to reconsider was timely, it was then within the discretion of the trial court to grant or deny the motion. Black v. Hodges, 429 So.2d 1028 (Ala.1983); Sanders v. Sanders, 342 So.2d 380 (Ala.Civ.App.1977).
The trial court denied the motion to set aside the default judgment and in doing so exercised its discretion. There is nothing in the record to indicate that the trial court abused its discretion. Its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.