This appeal comes from a denial of a 60 (b) motion to set aside a final judgment of divorce.
On April 29, 1981, the day their divorce was set for trial, Mrs. Turner and Mr. Turner reached a settlement agreement and reduced it to a memorandum. The trial court adopted the terms of this memorandum agreement and incorporated them into the parties' final judgment of divorce on May 1, 1981.
In December 1982, Mrs. Turner came upon a cash-in receipt for a certificate of deposit at the First National Bank, Woodlawn Branch, in Birmingham. The date on the receipt was April 24, 1980. Starting to investigate, she checked at First Alabama Bank and found that Mr. Turner also had a certificate of deposit at that bank that had matured in May 1980. This led to the filing of the 60 (b) motion to set aside the divorce judgment on March 7, 1983. Mrs. Turner alleged that Mr. Turner misrepresented his assets to her in order to induce a settlement. After some discovery, Mrs. Turner moved to enjoin Mr. Turner from disposing of a $120,000 cashier's check (believed to be linked to the assets of Mr. Turner prior to the divorce), pending a hearing on the merits. The temporary restraining order was granted but after a preliminary injunction hearing, the temporary restraining order was dissolved and the motion for the preliminary injunction was denied. After a hearing on the merits held October 27-28, 1983, the motion to set aside the judgment was denied.
The evidence showed Mr. Turner had on several previous occasions withdrawn monies at approximately the same time he was served with court papers. He was served with the original divorce complaint on January 21, 1981. The same day he closed an investment account and obtained a cashier's check for $40,768. The evidence also revealed that during his deposition taken in April 1981, Mr. Turner had that cashier's check and another in the amount of approximately $90,000 in his pocket, which was not disclosed. Five days *Page 736 
after the divorce, Mr. Turner took these checks and purchased a certificate of deposit for approximately $130,000 at City National Bank.
Mr. Turner claimed the timing of the withdrawals was coincidental and that they were the result of his business of buying used industrial machinery, for which bids were made and cash must be readily available. Mr. Turner also defended by saying he was confused as to what an account was when asked during discovery and that the accounts could have been discovered if Mrs. Turner's attorney had properly examined all the information supplied by Mr. Turner and his accountant.
Mrs. Turner contends that Mr. Turner committed fraud on the court and hence the trial court erred in denying her Rule 60 (b), Alabama Rules of Civil Procedure, motion. The 60 (b) motion was brought twenty-two months after the original divorce decree. Rule 60 (b)(3), A.R.Civ.P., provides that a motion for fraud must be made not more than four months after the judgment is entered. But Rule 60 (b) thereafter says that the court has the power to entertain an independent action brought within a reasonable time, but not over three years, "to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court." Mrs. Turner claims to be within this exception to the four-month limit on 60 (b) motions.
A court has inherent power to set aside and vacate a judgment because of supervening invalidity based on fraud practiced upon the court by a party in the procurement of a judgment. Criscov. Crisco, 294 Ala. 168, 313 So.2d 529 (1975). The remedy afforded under Rule 60 (b), A.R.Civ.P., is merely cumulative with that provided by the ancient bill of review in equity.Evans v. Evans, 365 So.2d 78 (Ala.Civ.App. 1978). In passing upon an attack upon a final judgment because of supervening invalidity based on fraud upon the court, the trial court is allowed wide discretion; and in exercising such discretion, the trial court must balance desire to remedy injustice against the need for finality of judgments. Denton v. Sanford,383 So.2d 847 (Ala.Civ.App. 1980). Not only is the finality of judgments favored, Stewart v. Stewart, 392 So.2d 1194 (Ala. 1980), but if there was fraud upon the court, it must be sufficient to have infected the judgment. Clements v. Barber, 49 Ala. App. 266,270 So.2d 815 (1972).
After hearing on the merits ore tenus the trial court held on January 11, 1984, that the "[P]laintiff's motion for relief from judgment pursuant to rule 60 (b) Alabama Rules of Civil Procedure be and it hereby is denied." The court made no findings of fact.
The standard of review applied by the appellate courts to such a determination by the trial court is whether the trial court abused its discretion. Tucker v. Tucker, 403 So.2d 273
(Ala.Civ.App. 1981). In determining whether there was an abuse of discretion in denying the relief, this court looks to the grounds presented by the motion and the matters presented in support thereof. Pitts v. Henley, 384 So.2d 1105 (Ala.Civ.App. 1980).
We have reviewed the record and find many facts in dispute. Although Mrs. Turner claims Mr. Turner concealed much of his money in certificates of deposit and cashiers' checks, there was evidence that she knew of similar transactions during their marriage and that she specifically knew Mr. Turner had $40,000. There was also confusion as to whether the money was Mr. Turner's or a loan from his company. The evidence showed that the company's continued vitality was important to both parties. Mrs. Turner owns the property on which the company is located and receives $1,200 per month rent under a fifteen-year lease.
Considering all the presumptions in favor of the trial court, we find there was no abuse of discretion.
Mrs. Turner also contends that the trial court erred when it refused to allow the evidence from the preliminary injunction to become part of the trial record. We find *Page 737 
the appellant never moved to include the full record. Issues not raised in trial court cannot be raised for the first time on appeal. Hutchins v. Shepard, 370 So.2d 275 (Ala. 1979). Furthermore, the trial court allowed Mrs. Turner to offer portions of the testimony from the preliminary injunction hearing for purposes of impeachment.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
 ON REHEARING