EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves a motion to set aside a divorce judgment under rule 60(b), Alabama Rules of Civil Procedure.
The parties married in 1979 and separated in April 1983. The husband filed a divorce complaint in September 1983. After many attempts to negotiate a settlement, with proposals and counter-proposals having been made, an agreement was executed by them on April 6, 1984 and the divorce judgment was entered on April 10, 1984 which ratified the agreement. On May 9, 1984 the wife filed her rule 60(b) motion to set aside the divorce judgment. She alleged that when the agreement was reached she was mentally unstable and was acting under undue influence, that she was very nervous and upset when she signed the agreement, and that she was unable to understand the gravity of the agreement, which was inequitable and unjust. Both parties testified before the trial court, and the wife’s physician’s deposition was introduced. The trial court denied the wife’s motion and she appealed.
We are required by the ore tenus rule to review the evidence to ascertain if it supports the ruling of the trial court. We have done so and the following facts are pertinently revealed.
The wife was admitted to a hospital on January 5, 1984 for eight days because she was suffering from a viral hepatitis. She was in an emotional turmoil. Her doctor stated that when the agreement was signed in early April she was not a very capable person with regard to being able to stand up for herself. However, she would have been capable of knowing what a sentence meant when she read it or heard it read to her, in the doctor’s opinion. It took the wife about six months to recuperate from the hepatitis.
Since their separation, the parties had attempted through their attorneys to settle the case on several occasions. The parties and the wife’s attorney met in her attorney’s office on the day that the agreement was signed. The wife’s attorney reviewed the contract with her term-by-term and explained it to her. Some changes were made in the agreement, at the wife’s suggestion, at that time. She testified that she understood the agreement but that her husband put pressure on her and promised to help her in addition to what was specified in the agreement. She explained what she meant by “pressure” in the following language, “Well, I felt like intentions were to, you know, to benefit their own and they were putting a lot of pressure on me.” “They” consisted of her husband.
The following are pertinent provisions of the agreement together with appropriate facts as are revealed by the evidence.
The wife was to retain one-half interest in one of her husband’s businesses.
Any interest of the wife in another of husband’s and husband’s father’s businesses, which they owned before the marriage of the parties, was to be conveyed to the husband. Some business equipment for that corporation had been purchased since *1096 their marriage. All of the assets of that business were worth about $145,000 but some indebtedness was owed by the company and the net worth of that corporation is not ascertainable from the evidence.
The husband was to convey to the wife all of his interest in their home. Their equity therein amounted to $10,000, which had been paid entirely by the husband. Until the house is sold, the parties will share in making the payments upon it. The husband was required to pay all other debts with the exception of one hospital bill. He agreed to pay lump-sum alimony of $4,000 to the wife and further alimony was waived by her.
The contract stated that it contained the entire understanding of the parties and that there weré no representations or understandings other than those specified in that agreement.
Since then, the husband apparently has made most of the payments which he had contracted to pay.
The ore! tenus rule here applies. The trial court’s findings are presumed to be correct and we are not authorized to substitute our judgment for that of the trial court unless the judgment was so unsupported by the evidence as to be palpably wrong. Tucker v. Tucker, 403 So.2d 273 (Ala.Civ.App.1981). The determination of whether to grant or to deny relief under rule 60(b), except as to a void judgment, falls within the discretion of the trial court and will not be reversed on appeal unless it is plainly shown that the trial court abused its discretion. In deciding whether there was an abuse of discretion in denying the rule 60(b) relief, this court looks to the grounds presented by the motion and evidence and matters presented in support thereof. Boles v. Hooper & McDonald, Inc., 424 So.2d 634 (Ala.Civ.App.1982).
Mental instability and undue influence are the two grounds of the wife’s motion. The averments as to the agreement being inequitable and unjust were in the nature of a meritorious defense. The wife was required to aver and prove a meritorious defense in addition to at least one ground for relief from judgment as set forth in rule 60(b). American Home Assurance Co. v. Hardy, 378 So.2d 710 (Ala. 1979).
There was evidence before the trial court that the wife was capable of understanding the agreement at the time that she signed it. Her then-attorney went over the agreement with her term-by-term and explained it to her. She made some suggestions and the agreement was changed to comply therewith. She swore that she understood the agreement. That evidence was adequate to defeat any relief under the mental instability averments of her motion.
Her testimony concerning the undue influence allegation was most general in nature and could have been considered by the trial court to be unsatisfactory.
As to the averred meritorious defense, the trial court could have ascertained from the evidence that, under all of the circumstances of the case, the agreement was equitable.
We find no abuse of discretion. The judgment of the trial court was neither palpably wrong nor unjust. Competent evidence supported it. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.