EDWARD N. SCRUGGS, Retired Circuit Judge.
This appeal concerns the trial court’s refusal to set aside a divorce judgment.
The wife’s amended motion under Rule 60(b) of the Alabama Rules of Civil Procedure averred that the husband coerced her into signing their divorce agreement, that she was under such duress that, by the terms of the agreement, she gave up custody of her son and her rights to their home place and all other assets, and that she was not capable of entering into the agreement at that time because she was then suffering from severe depression.
The divorce judgment adopted the terms of the agreement, and the wife sought to set aside that final judgment by her 60(b) motion. After an ore tenus trial, the circuit court denied the relief sought by the wife, and she timely appealed.
The standard of review of an appeal in a case of this nature is as follows:
“The ore tenus rule here applies. The trial court’s findings are presumed to be correct and we are not authorized to substitute our judgment for that of the trial court unless the judgment was so unsupported by the evidence as to be palpably wrong. Tucker v. Tucker, 403 So.2d 273 (Ala.Civ.App.1981). The determination of whether to grant or to deny relief under rule 60(b), except as to a void judgment, falls within the discretion of the trial court and will not be reversed on appeal unless it is plainly shown that the trial court abused its discretion. In deciding whether there was an abuse of discretion in denying the rule 60(b) relief, this court looks to the grounds presented by the motion and evidence and matters presented in support thereof. Boles v. Hooper & McDonald, Inc., 424 So.2d 634 (Ala.Civ.App.1982).”
Moore v. Moore, 473 So.2d 1094, 1096 (Ala. Civ.App.1985).
The ore tenus evidence conflicted in a number of primary aspects. The major evidence which supported the action of the trial court was to the effect that the wife was competent to make a contract at the time that she signed the divorce agreement and that her depression had greatly improved and had stabilized. Some of the evidence further indicated that the agreement provided for an almost equal division *14 of their property. Her testimony as to threats, abuse, and duress was disputed by the husband, and the trial court had the right to accept his version thereof.
After a careful study of all of the evidence, we cannot say that the trial court’s denial of the relief sought by the wife was either unsupported by the evidence, palpably wrong, or unjust. Finding no abuse of discretion by the trial court, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.