PETITION FOR WRIT OF MANDAMUS
RUSSELL, Judge.
This is a petition for a writ of mandamus.
On November 20, 1986, First Alabama Bank (respondent) filed an action against David Olive (petitioner) as a co-guarantor on a promissory note that had become delinquent. Subsequent to a pre-trial hearing, the case was set for trial by the circuit clerk for the week of April 11, 1988. However, neither the petitioner nor the respondent received notice of such action from the clerk’s office. On April 8, 1988, neither party appeared at the call docket, and, consequently, the trial court dismissed the action for want of prosecution.
In May of 1988, however, the respondent, unaware that the action had been dismissed, filed a certificate of readiness with the clerk of the court, requesting that the trial be set for hearing. Finally, on December 27, 1988, the respondent filed a motion to reinstate the action pursuant to Rule 60(b), Alabama Rules of Civil Procedure.
This motion was amended in March of 1989 and resubmitted along with an affidavit of the respondent’s counsel, amplifying the grounds set forth in the motion. Prior to a hearing on its amended motion, the respondent filed an additional motion for relief, specifically referring to Rule 60(b)(6), A.R.Civ.P. The respondent’s motion to reinstate the action was granted by order of the trial court dated August 31, 1989.
Subsequently, this petition for writ of mandamus was filed, seeking to have the order of the trial court reinstating the respondent’s cause of action vacated. We deny the petition.
We find the dispositive issue to be whether the trial court abused its discretion in granting the respondent relief under the provision set forth in Rule 60(b), A.R.Civ.P. That rule provides in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken.”
Additionally, a review of a trial court’s grant of a Rule 60(b)(6) motion is limited to whether the trial court abused its *529 discretion. Smith v. Clark, 468 So.2d 138 (Ala.1985). This court is further limited to a review of the grounds for which the Rule 60(b) relief is sought and the matters presented in support thereof. Turner v. Turner, 462 So.2d 734 (Ala.Civ.App.1984). Also, “[a] strong presumption of correctness ... attaches to [a] trial court’s ruling on a 60(b) motion.” Reese v. Robinson, 523 So.2d 398, 399 (Ala.1988).
The petitioner asserts that the grounds which support the respondent’s motion to reinstate the action fall solely within the purview of Rule 60(b)(1), by which a motion must be made within four months of the date of the trial court’s order. Here, it is undisputed that the motion was not made until more than eight months following the entry of the order dismissing the action.
Furthermore, the Committee Comments to Rule 60(b) make it clear that grounds supporting a motion made pursuant to Rule 60(b)(6) must be independent and exclusive of those which support relief under Rule 60(b)(1) through (5). Here, the petitioner asserts that no such independent grounds existed.
We note that, at the time the trial court granted the respondent’s motion to reinstate the action, it actually had before it three motions requesting such relief, as well as an affidavit and brief in support of such motions. While two of those motions referred only to the application of Rule 60(b) in general, and not to a specific subsection of that rule, a third motion specifically stated that the grounds for such relief were encompassed by Rule 60(b)(6).
Moreover, all three motions stated that the respondent would be greatly prejudiced by a denial of its motion to reinstate the case. We find that the trial court could have reasonably found such language to be a request for relief pursuant to Rule 60(b)(6). The respondent’s designation of its original and amended motions as “Motion[s] to Reinstate” did not prohibit the trial court from considering them as Rule 60(b)(6) motions. Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala.1981).
The record clearly reveals that the respondent actively continued pursuing its cause of action while unaware of the trial court’s dismissal. Moreover, the trial court also had evidence before it that the petitioner himself participated through his counsel in negotiating a settlement of the respondent’s claims long after the trial court’s dismissal. In fact, it was the respondent which informed the petitioner of such dismissal. Thus, both parties clearly continued to proceed as if the cause of action were viable, even though it had, in actuality, been dismissed.
We find that the continued activity in the prosecution of the case by the respondent, even after the trial court’s order of dismissal, was a sufficient ground to grant relief from such dismissal pursuant to Rule 60(b)(6). See id.
Finally, although the trial court’s order does not state the apparent grounds for its grant of the respondent’s motion, it is apparent from the record that ample grounds for relief under subsection (b)(6) were set forth. Therefore, as we have stated, the respondent’s alleged failure to make specific reference to that section of Rule 60 in two of its motions was of no consequence. The trial court’s treatment of the respondent’s motion as a Rule 60(b)(6) motion was clearly proper. Id.
In view of the broad discretion afforded a trial court in granting such motions, we cannot find that the trial court, in this instance, abused its discretion in granting the respondent’s Rule 60(b)(6) motion. Therefore, we deny the petition for writ of mandamus.
WRIT DENIED.
INGRAM, P.J., and ROBERTSON, J., concur.