RUSSELL, Judge.
This is an appeal from the trial court’s denial of a motion to vacate a judgment of divorce.
On August 8, 1989, Charles W. Penhale (husband) filed a complaint for divorce in the Circuit Court of Shelby County. A summons and complaint were issued against Shirley M. Penhale (wife) on November 10, 1989.
On December 28, 1989, the husband filed an application for entry of a default, alleging that the wife had failed to answer the divorce complaint. A default was entered against the wife on that date. After hearing evidence from the husband, the trial court entered a decree of divorce on April 26, 1990.
On June 1, 1990, a motion to vacate that judgment was filed by the wife pursuant to Rule 60(b), Alabama Rules of Civil Procedure. That motion was based on her allegation that service of the husband’s complaint was never properly effected. The motion was denied by the trial court on June 15, 1990.
The wife appeals. We affirm.
*1155 On appeal, the wife contends that service upon her was never obtained and that, if service was obtained, it was improper due to her incompetence.
Initially, we note that a review of a trial court’s denial of a Rule 60(b) motion is limited to whether the trial court abused its discretion. Smith v. Clark, 468 So.2d 138 (Ala.1985). This court is further limited to a review of the grounds for which the Rule 60(b) relief is sought and the matters presented in support thereof. Turner v. Turner, 462 So.2d 734 (Ala.Civ.App.1984). Furthermore, “[a] strong presumption of correctness ... attaches to the trial court’s ruling on a Rule 60(b) motion.” Reese v. Robinson, 523 So.2d 398, 399 (Ala.1988).
After carefully reviewing the record, we find that the trial court properly denied the wife’s request for relief from judgment pursuant to Rule 60(b). The case action summary clearly indicates that service was effected upon the wife on November 11, 1989. Furthermore, the wife made no request for a hearing on her motion, nor did she file affidavits or other supporting evidence in support thereof.
While the wife contends on appeal that service was improper due to her incompetence, her motion does not allege incompetence as a ground for vacating the judgment. In fact, her motion states that service upon her could have easily been effected, and as we have stated, the record clearly demonstrates that it was.
In view of the lack of supporting evidence and the strong presumption of correctness that attaches to the trial court’s rulings on such motions, we affirm its denial of the wife’s motion to vacate the judgment.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.