L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from the denial of a motion to set aside a final judgment of divorce.
The parties were divorced in February 1996. The judgment of divorce incorporated an agreement of the parties.
In March 1996 the wife filed a post-judgment motion, pursuant to Rules 59 and 60(b), Ala.R.Civ.P. Following a hearing on the motion, the wife’s motion was denied. The wife appeals.
The disposition of a Rule 59 or Rule 60(b) motion is a matter within the discretion of the trial court, Black v. Hodges, 429 So.2d 1028 (Ala.1983) (Rule 59); Moore v. Moore, 473 So.2d 1094 (Ala.Civ.App.1985) (Rule 60(b)), whose judgment will not be reversed on appeal unless it is plainly shown that the trial court abused its discretion. Moore. The ore tenus rule applies in this instance because the trial court held a hearing on the motion. We presume the trial court’s judgment to be correct. Moore. We will not substitute our judgment for that of the trial court unless the judgment is so unsupported by the evidence as to be palpably wrong. Moore.
The wife’s motion to vacate the final judgment was premised on the following assertion:
“The wife is hearing-impaired and did not understand the terms of the settlement which were read into the record. Specifically, she did not know that the issue of alimony was being reserved in favor of the husband and she did not agree to the amount of alimony stated.”
The trial judge made detailed findings of fact concerning her refusal to set aside the final judgment. We have read the record and find that the record supports the trial court’s order. Her order is as follows:
“1. That the parties reached an agreement settling all issues at a final hearing for divorce held February 9, 1996, which was read into the record in open court.
“2. That the former wife, before the hearing began, made a request in open court for everyone to speak loudly since she had difficulty hearing, and everyone did accommodate the former wife’s request.
“3. That the former wife had ample opportunity during the final hearing to express her inability to hear the terms of the agreement.
“4. That both parties were represented by able and competent counsel who had negotiated for approximately two hours with the parties before reaching the settlement terms.
“5. That, after the hearing, the former wife gained possession of the file from [her “trial” attorney], including his personal notes pertaining to the settlement agreement, which attorney work product was never returned to [him], and that ... the former wife’s attorney in this cause does not have possession of this attorney work product.
“6. That the [wife’s trial attorney] did not coerce the former wife to accept the agreement between the parties and was ready, willing and able to proceed with the trial.
*118 “7. That the former wife’s testimony that she had agreed to certain parts of the settlement but not to others is not credible.
“8. That the former wife’s [trial] attorney ... had met with her for a period of a year, and had between 40 to 50 hours of personal interviews with his client.
“9. That the former wife never at any time, before or after the hearing, notified her [trial] attorney ... that she was not clear about the agreement, or that there was a mistake in the terms of the settlement agreement.”
We find no abuse of the trial court’s discretion. The judgment is affirmed.
The husband’s request for attorney fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P. J., and YATES, and CRAWLEY, JJ., concur.
MONROE, J., dissents.