L. CHARLES WRIGHT, Retired Appellate Judge.
On May 31, 1996, April Sue Loyd Lands filed a complaint against Stevie Dewayne Lands in the Blount County Circuit Court, seeking, among other things, a divorce, custody of the parties’ three children, child support, alimony, and an attorney fee.
Apparently on July 11, 1996, the wife requested her attorney to dismiss her action, and she informed the attorney that his services were no longer needed. On September 13, 1996, the parties entered into a settlement agreement. On September 18, 1996, the husband filed a complaint in the Cullman County Circuit Court, along with the wife’s answer and waiver. The same day, the Cull-man court entered a judgment, confirming and ratifying the parties’ agreement.
The Blount County Circuit Court held oral proceedings on September 28,1996; the husband represented himself. The Blount County Circuit Court entered a divorce judgment on September 30, 1996. On October 11,1996, the husband filed a motion to vacate the judgment, along with a certified copy of the September 18, 1996, divorce judgment entered in Cullman County. Following a hearing, the Blount County Circuit Court denied the husband’s motion.
The husband appeals, contending that the Cullman court’s judgment was res judicata to the Blount action and that the trial court abused its discretion in denying his motion to vacate the judgment.
The grant or denial of a Rule 59, Ala. R. Civ. P., motion is within the sound discretion of the trial court. Jones v. Jones, 689 So.2d 116 (Ala.Civ.App.1996). Although the trial court held a hearing on the husband’s motion, the ore tenus rule has no application because the question presented on appeal is one of law. Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994).
The doctrine of res judicata is well-established law in Alabama. Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990). The application of res judicata requires the following four elements:
“(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860 (Ala.1987).”
Dairyland Ins. Co., 566 So.2d at 725.
It is undisputed that the Cullman court entered a divorce judgment five days before the Blount County case was tried. The Cullman Circuit Court and the Blount Circuit Court had concurrent jurisdiction of the parties’ actions. Sheffield v. Sheffield, 350 So.2d 1056 (Ala.Civ.App.1977). The wife’s answer and waiver amounted to a submission to the jurisdiction of the Cullman court. Therefore, the Cullman court was a court of competent jurisdiction. The hus *154 band and wife were parties to both the Cull-man and the Blount actions. Both actions were for the same subject. Accordingly, the judgment of the Cullman court was res judi-cata to the action in Blount County. The Blount court erred in denying the husband’s motion to vacate the judgment.
The judgment of the trial court is reversed and this cause is remanded to the trial court for the entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.