This is a divorce case.
The trial court entered a default judgment in favor of the plaintiff-wife on December 1, 1987. Defendant-husband filed a *Page 1059 
motion to set aside entry of default and for relief from judgment under Rule 60(b)(3) on December 11, 1987, alleging fraud and misrepresentation on the part of the wife in procuring the divorce by default. The trial court conducted a hearing on the issue of fraud and misrepresentation on December 22, 1987 and entered an order denying the husband's motions the next day. On January 18, 1988 the husband filed a motion for reconsideration of the denial of the post-judgment motions. The trial court denied this motion on January 20, 1988. The husband filed a notice of appeal to this court on February 25, 1988.
The dates pertinent to the timeliness of the appeal are as follows:
September 24, 1987 — Complaint Filed
December 1, 1987 — Default Entered
 December 11, 1987 — Motion to Set Aside Default and for Relief from Judgment
December 23, 1987 — Motion Denied
January 18, 1988 — Motion to Reconsider
 January 20, 1988 — Motion to Reconsider Denied
February 25, 1988 — Notice of Appeal Filed
Rule 4(a)(1) of the Alabama Rules of Appellate Procedure provides that all appeals must be filed within forty-two days of the entry of judgment or order appealed from. The filing of a postjudgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure suspends the running of time for filing a notice of appeal. A.R.A.P. 4(a)(3). When such a motion is filed, the time for filing appeal begins to run on the date of the order granting or denying the motion. A.R.A.P. 4(a)(3).
In the case at bar the husband framed his postjudgment motion both in terms of Rule 55(c) (motion to set aside default) and Rule 60(b) (relief from judgment or order). Both motions were denied by the trial court on December 23, 1987. Had the husband sought relief only under Rule 55(c), the time for filing the notice of appeal would have begun to run on the date of the denial of the Rule 55(c) motion, i.e. December 23, 1987, Woods v. Hauser Realty Co., 366 So.2d 731 (Ala.Civ.App. 1979), and the filing of the notice of appeal on February 25, 1988 would have been beyond the forty-two day appeal time. However, husband alternatively asked for relief from judgment pursuant to Rule 60(b). The dispositive issue then is when the time for appeal begins to run after a filing of a Rule 60(b) motion.
A motion filed under Rule 60(b) does not toll or extend the time for appeal of the judgment from which relief is requested. An order denying a 60(b) motion is appealable.Cockrell v. World's Finest Chocolate Co., 349 So.2d 1117 (Ala. 1977). Such an appeal from the denial of a 60(b) motion is a review of the correctness of that order and not the correctness of the underlying judgment from which the movant is requesting relief. Cockrell. Denials of postjudgment motions pursuant to Rules 50, 55, or 59 are reviewed only by way of appeal and the trial court does not have jurisdiction to "reconsider." Exparte Dowling, 477 So.2d 400 (Ala. 1985). A 60(b) motion, however, is more akin to a separate trial proceeding and can be subject to a posttrial motion to "reconsider" which would toll the time for appeal. Havel v. Dawkins, 412 So.2d 800
(Ala.Civ.App. 1982); Cockrell, supra. Thus, in the instant case the time for appeal began to run on January 20, 1988, the date of the denial of the motion to reconsider the denial of the 60(b) motion. The notice of appeal was filed on February 25, 1988; thus, it was within the forty-two day appeal period, and the appeal is timely.
The issue before us now is whether the trial court abused its discretion in denying husband's 60(b) motion.
In his motion for relief from judgment, husband alleged that wife had committed a fraud upon him by misrepresenting that she had discontinued the divorce action which she had previously filed and that an attorney whom he had hired had failed to answer the wife's complaint. A hearing was held at which testimony was taken and, at its conclusion, the trial court denied husband's motion. *Page 1060 
The record of the hearing contains evidence that husband was served with a copy of the divorce action and that he moved out of the marital home the next day. Later he moved back in with the wife and they discussed the divorce action. The husband testified that he thought the wife had dropped the divorce action until he learned of the divorce. The wife said she never told the husband that she had dropped the divorce proceedings and that they discussed the date of the hearing on the divorce complaint.
There was also testimony that the husband visited a lawyer but did not pay him for any services. The husband testified that the lawyer said to call him later but husband never did call the lawyer because he thought wife had dropped the proceedings.
The trial court found, and there is evidence to support its finding, that the husband had notice of the divorce complaint and notice of the date of the hearing on the complaint. Moreover, there is evidence in the record to support the trial court's conclusion that husband had not employed an attorney to represent him in the divorce proceedings.
 "The determination of whether to grant or to deny relief under rule 60(b), except as to a void judgment, falls within the discretion of the trial court and will not be reversed on appeal unless it is plainly shown that the trial court abused its discretion."
Moore v. Moore, 473 So.2d 1094 (Ala.Civ.App. 1985).
Based on the evidence above recited, we find no abuse of discretion.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.