State Farm General Insurance Company (hereinafter "State Farm") petitions this Court for a writ of mandamus directing the Honorable John D. Jolly, Judge of the Circuit Court of Franklin County, to grant State Farm's motion seeking a dismissal of its insured's suit against it.
On November 16, 1985, State Farm issued a homeowner's policy covering the residence of Wayne and Kathy Oliver for the period November 16, 1985, through November 16, 1986. On March 21, 1986, the Olivers suffered a total fire loss at their residence. This loss was covered under the policy. Thereafter, the Olivers submitted a claim to State Farm for the sum of $189,960, the amount that they claimed under the policy. State Farm refused to pay the claim.
On May 30, 1986, the Olivers filed suit against State Farm Fire Casualty Company (not State Farm General Insurance Company, the petitioner here) and the Federal Land Bank of Gadsden in the Circuit Court of Franklin County. They claimed that the defendant breached the insurance contract, and they also claimed that the defendant was guilty of a bad faith refusal to pay the claim. The Olivers also sought a temporary restraining order against the mortgagee, Federal Land Bank of Gadsden, to prevent foreclosure.
On July 11, 1986, on motion filed by the Olivers, the trial judge dismissed the action as to State Farm Fire Casualty Company, without prejudice.
After its investigation, State Farm filed a declaratory judgment action against the *Page 485 
Olivers on September 12, 1986, in the United States District Court, seeking to have the policy rescinded or to have it declared void due to an alleged misrepresentation made by the Olivers on the insurance application and also due to a violation of the policy's provisions. On September 30, 1986, the Olivers filed an answer to the declaratory judgment action and a counterclaim alleging breach of contract, bad faith refusal to pay, and mental anguish and emotional distress as a result of an alleged breach of the implied covenant of good faith and fair dealing.
On October 18, 1986, the Olivers amended their original complaint in Franklin County and added State Farm General Insurance Company, the petitioner here, as a party defendant, realleging breach of contract and bad faith.[1]
On February 18, 1987, by means of a pre-trial order entered in the pending declaratory judgment action in the United States District Court, the Olivers voluntarily withdrew their bad faith counterclaims against State Farm, but their contract counterclaim was preserved for trial. The federal declaratory judgment action proceeded to trial and concluded on April 24, 1987, with a judgment in favor of the Olivers on their contract claim. State Farm filed notice of appeal to the Eleventh Circuit Court of Appeals on May 28, 1987.
On June 2, 1987, the Olivers amended their state court complaint against State Farm to allege outrageous conduct by State Farm in the handling of the fire investigation. The Olivers also deleted from their original suit any and all claims under the original contract that were in existence at the time of filing of the original suit, alleging that those issues had been resolved by the federal declaratory judgment action. The Olivers also added Gerald Bartig, a fire inspector hired by State Farm, as a party defendant. They alleged that Bartig, in conjunction with or with approval by State Farm, engaged in outrageous conduct in his investigation of the fire. Again, on December 13, 1988, the Olivers amended their complaint against State Farm and Bartig to allege the tort of outrageous conduct arising from the manner in which State Farm and Bartig conducted their investigation of the fire loss, civil liability for alleged tampering with the evidence, and conspiracy to commit the tort of outrageous conduct.
On February 8, 1989, State Farm filed a motion to dismiss, or, alternatively, for summary judgment, in the Circuit Court of Franklin County. State Farm argued at the hearing that the Olivers could not assert their tort claim of outrageous conduct against it because, it argued, that claim arose from the same transaction or occurrence that was the subject matter of State Farm's federal declaratory judgment action against the Olivers. State Farm argued that the Olivers' claims against State Farm were compulsory counterclaims not raised in the federal declaratory judgment action, and that the Olivers were therefore estopped from presenting those claims in the state court. On March 17, 1989, the trial judge denied State Farm's motion.
It is undisputed that mandamus cannot be substituted for appeal. Ex parte South Carolina Insurance Co., 412 So.2d 269
(Ala. 1982); Echols v. Housing Authority of Auburn,377 So.2d 952 (Ala. 1979). State Farm's mandamus petition, as it relates to its motion to dismiss, requests this Court to do something that can be done on appeal. Ex parte Newco Manufacturing Co.,481 So.2d 867 (Ala. 1985). Likewise, it should be noted that there was no attempt to bring an interlocutory appeal to this Court as permitted under Rule 5, Ala.R.App.P.[2] *Page 486 
Also noteworthy is the fact that Ex parte Canal Ins. Co.,534 So.2d 582 (Ala. 1988), cited by State Farm is distinguishable from this case. In that case, the insured filed a state action alleging bad faith, after the insurer had filed a federal declaratory judgment action; the insured later filed a counterclaim in federal court that "contained the same allegations of fact and the same claims for relief" as were asserted in the insured's state court action. Id., at 583. Both actions were pending at the time the petition for writ of mandamus was filed, so this court granted the writ, ordering the trial court to dismiss the state court action because of the pendency of the previously filed federal action. See, Ala. Code 1975, § 6-5-440. Here, the federal court action is no longer pending.
Finally, the procedural history and the facts of this case are too complex for us to decide on this petition for mandamus, in the absence of the records of both proceedings, that State Farm has a clear right to the dismissal of this action. Mandamus is an extraordinary remedy, to be granted only where the petitioner shows a clear right to the relief sought. Exparte Rogers, 533 So.2d 245 (Ala. 1988). Ex parte Slade,382 So.2d 1127 (Ala. 1980). The Olivers attach exhibits to their brief in an attempt to substantiate their claim that, in spite of their claimed due diligence in conducting discovery and due to alleged concealment by the defendants, they did not learn most of the facts now alleged to support the bad faith and outrage claims until the actual trial of the federal case. Of course, these allegations and the other arguments made by the Olivers do not necessarily answer State Farm's argument that these were compulsory counterclaims that are now barred, but they made the issue sufficiently uncertain to persuade this Court that the writ should be denied.
Because we hold that mandamus is not proper in this case under the facts presented, and because we decline to treat this petition as a request for permission to appeal under Rule 5, Ala.R.App.P., the writ is due to be denied. It should be noted that this Court's denial of the writ, however, does not in any way reflect this Court's opinion on the issue of whether the Olivers are barred from asserting their claims in the pending state suit. That issue, if ultimately decided adversely to the petitioner, can be presented on appeal from a final judgment.
WRIT DENIED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] The action was still pending there against the Federal Land Bank of Gadsden.
[2] It does appear that the trial court may have been attempting to employ Rule 54(b), Ala.R.Civ.P., as a means of allowing an appeal on this issue.
The trial court's order reads, in part:
 "It is hereby ORDERED, ADJUDGED AND DECREED by the Court that the defendants' motion for summary judgment and motion to dismiss are denied and overruled.
 "It is further ORDERED that this ruling by the Court on the said motions is certified as a final judgment for the purpose of perfecting an appeal."
However, the denial of a summary judgment is inherently nonfinal and a certificate following the precise language of Rule 54(b) cannot serve to make it final and thus appealable. See Blanton v. Liberty Nat'l Life Ins., 434 So.2d 773, 776
(Ala. 1983).