JONES, Justice.
Wayne and Kathy Oliver, husband and wife, appeal from a summary judgment entered in favor of the defendant, State Farm General Insurance Company, and made final pursuant to Rule 54(b), A.R. Civ.P. Because we hold that the Olivers failed to meet their burden of responding to State Farm’s prima facie showing made in support of its motion for summary judgment and that State Farm was therefore entitled to the summary judgment, we affirm.

The Facts

The facts and procedural history of this case are summarized in Ex parte State Farm General Ins. Co., 549 So.2d 484 (Ala.1989),[1] as follows:
“On November 16, 1985, State Farm issued a homeowner’s policy covering the residence of Wayne and Kathy Oliver for the period November 16, 1985, through November 16, 1986. On March 21, 1986, the Olivers suffered a total fire loss at their residence. This loss was covered under the policy. Thereafter, the Olivers submitted a claim to State Farm for the sum of $189,960, the amount that they claimed under the policy. State Farm refused to pay the claim.
“On May 30, 1986, the Olivers filed suit against State Farm Fire & Casualty Company (not State Farm General Insurance Company, the petitioner here) and the Federal Land Bank of Gadsden in the Circuit Court of Franklin County. They claimed that the defendant had breached the insurance contract, and they also claimed that the defendant was guilty of bad faith refusal to pay the claim. The Olivers also sought a temporary restraining order against the mortgagee, Federal Land Bank of Gadsden, to prevent foreclosure.
“After its investigation, State Farm filed a declaratory judgment action against the Olivers on September 12, *1236 1986, in the United States District Court, seeking to have the policy rescinded or to have it declared void due to an alleged misrepresentation made by the Olivers on the insurance application and also due to a violation of the policy’s provisions. On September 30, 1986, the Olivers filed an answer to the declaratory judgment action and a counterclaim alleging breach of contract, bad faith refusal to pay, and mental anguish and emotional distress as a result of an alleged breach of the implied covenant of good faith and fair dealing.
“On October 18, 1986, the Olivers amended their original complaint in Franklin County and added State Farm General Insurance Company, the petitioner here, as a party defendant, real-leging breach of contract and bad faith.
“On February 18, 1987, by means of a pre-trial order entered in the pending declaratory judgment action in the United States District Court, the Olivers voluntarily withdrew their bad faith counterclaims against State Farm, but their contract counterclaim was preserved for trial. The federal declaratory judgment action proceeded to trial and concluded on April 24, 1987, with a judgment in favor of the Olivers on their contract claim. [See State Farm v. Oliver, 658 F.Supp. 1546 (N.D.Ala.1987).] State Farm filed notice of appeal to the Eleventh Circuit Court of Appeals on May 28, 1987 [and that court affirmed the judgment of the district court in State Farm Fire & Cas. Co. v. Oliver, 854 F.2d 416 (11th Cir.1988) ].
“On June 2, 1987, the Olivers amended their state court complaint against State Farm to allege outrageous conduct by State Farm in the handling of the fire investigation. The Olivers also deleted from their original suit any and all claims under the original contract that were in existence at the time of filing of the original suit, alleging that those issues had been resolved by the federal declaratory judgment action. The Olivers also added Gerald Bartig, a fire inspector hired by State Farm, as a party defendant. They alleged that Bártig, in conjunction with or with approval of State Farm, engaged in outrageous conduct in his investigation of the fire. Again, on December 13, 1988, the Olivers amended their complaint against State Farm and Bartig to allege the tort of outrageous conduct arising from the manner in which State Farm and Bartig conducted their investigation of the fire loss, civil liability for alleged tampering with the evidence, and conspiracy to commit the tort of outrageous conduct.”
Ex parte State Farm General Ins. Co., 549 So.2d at 484-85.
State Farm’s motion for summary judgment was supported by the affidavits of Ms. Ruth Price, Mr. Jimmy Plott, and Mr. Gerald Bartig. Ms. Price’s affidavit reads as follows:
“My name is Ruth Price and I have personal knowledge of the facts contained herein. I am employed as a Claims Specialist. I was initially assigned by State Farm Fire & Casualty Company to handle the insurance loss of Wayne and Kathy Oliver that occurred on or about March 21, 1986. After my initial on-site examination and after consultation with my supervisor, Harold Oglesby, a decision was made to retain the services of Gerald Bartig and Associates to conduct a cause and origin investigation into this fire loss.
“I contacted Gerald Bartig by telephone on or about March 24, 1986. I requested that he conduct a cause and origin investigation and report back to me and State Farm as to the results of that investigation. Other than making this assignment, I gave Mr. Bartig no specific instructions as to how he should perform the work, what tools or instruments he should use, what analysis lab he would submit any samples to, when he should conduct the investigation, or when he would conclude the investigation.
“Neither I, nor any member of State Farm Insurance Company, to my knowledge, supervised Mr. Bartig or agreed to supervise Mr. Bartig in his cause and origin investigation. Nor did I or any *1237 member of State Farm provide him with any materials or equipment for him to use in his investigation or in any way supervise the manner in which he conducted his investigation into the cause and origin [of this fire loss]. Also, Mr. Bartig was paid a lump sum based upon a final bill submitted by him reflecting his time and services in the case. To my knowledge, no federal tax withholdings were ever made on monies paid to Mr. Bartig and he was never represented to be an agent or employee of State Farm.
“I understand that Mr. Bartig is not a current employee of State Farm and maintains his own business office at a location other than a State Farm facility.
“To my knowledge, no member of State Farm Fire and Casualty or State Farm General Insurance Company had a direct involvement in the manner in which Mr. Bartig conducted his investigation. State Farm did not retain any control over the manner in which Bartig conducted his investigation. I did not have any involvement in supervising him as to the manner in which he would take his fire samples. Mr. Bartig was expected to use his own independent judgment as to how he proceeded in conducting his cause and origin investigation and as to how he secured any fire scene samples.
“I know of no instance in which Gerald Bartig has ever fabricated or wrongfully placed positive samples at a fire scene investigation.”
Jimmy Plott, the claims superintendent for State Farm Fire and Casualty Company, stated in his affidavit that, in his opinion, “none of the accusations contained in the [December 13, 1988,] amended complaint are true with respect to Gerald Bar-tig.”
Bartig’s affidavit reads, in pertinent part, as follows:
“My name is Gerald Bartig.... I am over the age of 21 years and I have personal knowledge of the things and matters stated in this affidavit.
“I own and operate a business known as Gerald Bartig & Associates in Huntsville, Alabama. My work with this company is primarily limited to fire investigation and limited to cause and origin determination. I have been an investigator involved in cause and origin investigations as an independent consultant since 1983. Prior to 1983, I had extensive training in fire and arson investigation which consisted of class instruction and field instruction with hands-on experience. I retired after 20 years of service with the Syracuse Fire Department in Syracuse, New York. Additionally, I had extensive training and experience in investigation of the cause and origin of fires with the Syracuse Fire Department. I was trained with the Syracuse Arson Squad, Syracuse, New York.
“On March 24, 1986, I received a telephone call from Ruth Price, Claims Specialist with State Farm Fire & Casualty Company in Florence, Alabama, concerning a fire loss ... to a residence ... owned by Wayne and Kathy Oliver. I was requested by Ms. Price to conduct a cause and origin investigation of the fire scene to determine the cause and origin of the fire which damaged the Oliver dwelling.
[[Image here]]
“I have never conspired or contrived [to give] or given erroneous information concerning the cause or origin of a fire to anyone, including State Farm Fire & Casualty Company. In conducting my work for Gerald Bartig & Associates, I am simply paid on an hourly fee basis and am an independent contractor. My compensation and pay do not depend upon the results of my finding in the cause and origin investigation. My conduct was limited only to the investigation of the cause and origin of the fire in question and I had nothing to do with State Farm Fire & Casualty Company’s decision to pay or to deny the claim, to cancel or not to cancel the policy of insurance, or with what State Farm Fire & Casualty may have done regarding the claim of Wayne and Kathy Oliver. I simply reported the results of my investigation which was conducted in a reasonable and prudent fashion and which was conducted in accordance with known and *1238 acceptable procedures. In connection with my investigation of the fire loss in this case, I did not engage in any conspiracy with anyone. I have not ever fabricated or contrived to fabricate evidence.”

The Trial Court’s Judgment

After conducting a hearing on State Farm’s motion for summary judgment, the trial court entered a partial summary judgment in favor of State Farm.[2] The trial court, in support of its judgment, stated, in pertinent part:
“Upon consideration of the pleadings of record, depositions, oral argument, and legal citations, the court finds that the Olivers have not produced a scintilla of evidence to show that a genuine issue as to a material fact exists as to [the allegations against] State Farm General Insurance Company. Therefore, it is ORDERED, ADJUDGED, and DECREED by the court that the motion of State Farm General Insurance Company for partial summary judgment ... is granted as to the following material allegations of the Olivers’ complaint:
“1. There is no genuine issue of material fact as to whether or not Gerald Bartig was an agent in fact for State Farm;
“2. There is no genuine issue of material fact that any alleged actions of Gerald Bartig were ratified by State Farm;
“3. There has been no breach of any nondelegable duty in the actions by State Farm; and
“4. There is no genuine issue of material fact as to the identity and participation of any undisclosed cocon-spirator who is an agent or employee of State Farm.”

The Issue and Standards of Review

The Olivers state the issue as follows:
“Whether the trial court erred in granting summary judgment in favor of State Farm in a case factually grounded on evidence being planted by the expert hired by State Farm.”
State Farm offers the following counter-statement of the issue:
“Whether the factual record in opposition to State Farm’s motion for summary judgment raises a genuine issue of material fact that State Farm was responsible for the acts of an independent contractor.”
Neutrally stated, the issue is whether the Olivers produced a scintilla of evidence[3] that raises an inference of fact in opposition to State Farm’s prima facie showing of either the lack of an agency relationship between State Farm and Gerald Bartig or the lack of State Farm’s ratification of Bartig’s alleged illegal conduct. In our review of the summary judgment in favor of State Farm, we will assume, because of the trial court’s denial of Bartig’s motion for summary judgment, that the Olivers’ allegations of Bartig’s misconduct are true; thus, we will restrict our discussion to the Olivers’ claim of State Farm’s vicarious liability — the basis for the trial court’s ruling.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. We further note that all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party — here, State Farm. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The burdens placed on the moving party by this rule have often been discussed by this Court:
“The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for *1239 consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala.1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).”
Berner v. Caldwell, 543 So.2d 686, 68 (Ala.1989) (quoting Schoen v. Gulledge, 481 So.2d 1094 (Ala.1985)).
This Court also recently addressed the issue of agency in the context of a summary judgment motion:
“Summary judgment on the issue of agency is generally inappropriate, because this issue usually is a question to be determined by the trier of fact. However, when a defendant’s liability is based on agency, agency may not be presumed; evidence of agency must be presented in response to a defendant’s properly supported summary judgment motion in order for the motion to be defeated.”
Carlton v. Alabama Dairy Queen, Inc., 529 So.2d 921, 923 (Ala.1988). For other cases in which this Court has affirmed summary judgments involving agency issues, see Spell v. ConAgra, Inc., 547 So.2d 501 (Ala.1989); Pugh v. Butler Telephone Co., 512 So.2d 1317 (Ala.1987); Wood v. Shell Oil Co., 495 So.2d 1034 (Ala.1986); and Bevis v. L & L Services, 360 So.2d 296 (Ala.1978).

Decision

When State Farm made a prima fa-cie showing that there was no genuine issue of material fact with respect to the Olivers’ allegations of conspiracy and agency, the burden shifted to the Olivers to present at least a scintilla of evidence tending to establish the existence of a factual issue as to whether there had been an agency relationship or a conspiracy between State Farm and Bartig. The record reveals, however, that the Olivers presented nothing tending to rebut State Farm’s prima facie evidentiary showing that the Olivers’ allegations of agency and conspiracy were without merit; hence, we conclude that the trial court properly entered the summary judgment for State Farm.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. In that earlier case, involving these same parties, this Court denied State Farm’s petition for the writ of mandamus, holding that the relief sought by State Farm was available by appeal and, further, that the evidence did not support State Farm’s allegations of entitlement to mandamus relief.

. Gerald Bartig’s motion for summary judgment was overruled.

. The action in the instant case was commenced before June 11, 1987; therefore, the applicable standard of proof is the "scintilla rule.” Ala. Code 1975, § 12-21-12.