CRAWLEY, Judge.
Willia Mae Farley (the “worker”) and the law firm of Whitehurst & Whitehurst sued *44 Genuine Parts Company (the “company”) and others.[1] Count One requested benefits under the provisions of the Alabama Worker’s Compensation Act, Ala.Code 1975, § 25-5-1 et seq. (the “Act”). Count Two requested a declaratory judgment approving the worker’s employment contract with the law firm. § 25-5-90.
In the employment contract, the worker and the law firm agreed to a 25% attorney fee, if the court would approve that fee; that amount exceeded the maximum of 15% allowed by § 25-5-90. The worker and the law firm filed a joint motion for summary judgment on Count Two. The trial court denied the motion and entered an order purporting to make that denial final pursuant to Rule 54(b), Ala. R. Civ. P. The worker and the law firm appeal.
“However, the denial of a summary judgment is inherently nonfinal and a certificate following the precise language of Rule 54(b) cannot serve to make it final and thus appeal-able.” Ex parte State Farm General Ins. Co., 549 So.2d 484, 486, n. 2 (Ala.1989).
“An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved. Taylor v. Taylor, 398 So.2d 267 (Ala.1981). A summary judgment operates as an adjudication on the merits of a claim. McMillon v. Hunter, 439 So.2d 153, 154 (Ala.1983). In contrast, the denial of a motion for summary judgment is not a judgment, Food Service Distributors, Inc. v. Barber, 429 So.2d 1025 (Ala.1983), and is therefore not appeal-able.”
Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990).
The appeal is dismissed.
APPEAL DISMISSED.
ROBERTSON, P. J., and YATES, MONROE, and THOMPSON, JJ., concur.

. At their request, the State of Alabama Department of Industrial Relations and the Alabama Slate Bar Association, which had been named as defendants, were dismissed.