HOUSTON, Justice.
On October 6, 1997, Charles Heaton and Alfa Insurance Company sued Evon Strickland in the Cullman County Circuit Court, alleging that Strickland had negligently caused an accident that damaged Heaton’s automobile. Alfa had paid benefits to Heaton under an insurance policy and then, as subrogee, Alfa joined Heaton in suing to recover from Strickland.
On June 10, 1998, Alfa and Heaton filed a motion to have a guardian ad litem represent Strickland because, at the time, Strickland was only 17 years of age. The court appointed a guardian ad litem, and, after a trial, the court entered a judgment for Alfa and Heaton. The costs of the guardian ad litem’s services were taxed to Alfa.
On December 28, 1998, Strickland, through his guardian ad litem, filed a notice of appeal to this Court. On January 29, 1999, Strickland, by motion, requested that the trial court order Alfa to pay the costs of the appeal, including $600 to the court reporter for the preparation of the trial transcript. The trial court granted the motion; Alfa and Heaton now petition for a writ of mandamus directing the trial court to set aside its order and to deny Strickland’s motion to tax the costs of the appeal to Alfa. We deny the writ.
Mandamus relief is not appropriate when it “requests this Court to do something that can be done on appeal.” Ex parte State Farm General Ins. Co., 549 So.2d 484, 485 (Ala.1989). Alabama Rule of Appellate Procedure 35(a) allows us to determine who will bear the costs of an appeal:
“Except as otherwise provided by law if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be taxed only as ordered by the court.”
(Emphasis added.)
Alfa and Heaton have a remedy on appeal under Rule 35(a). Therefore, mandamus is not proper.
WRIT DENIED.
HOOPER, C.J., and KENNEDY, COOK, LYONS, BROWN, and JOHNSTONE, JJ., concur.
MADDOX, J., recuses himself.