MONROE, Judge.
Wanda Faith Greene sued her husband, Roland Greene, for a divorce. The husband, pro se, attempted to answer the complaint by writing a letter to the court. A hearing was held. The husband failed to attend the hearing. The trial court entered a default judgment against the husband. The husband filed a motion to set aside the default judgment. Ten months later, the husband filed a motion pursuant to Rule 60(b)(6), Ala.R.Civ.P., seeking relief from the default judgment. Four months later, the husband filed an amendment to his Rule 60(b)(6) motion. After holding a hearing, the court concluded that it did not have jurisdiction to entertain the husband’s Rule 60(b)(6) motion. The husband appeals.
The husband questions whether a trial court has “jurisdiction to hear a ‘motion for relief from judgment’ in accordance with Rule 60(b)(6) of the Alabama Rules of Civil Procedure, after a motion to set aside a default judgment has been denied by operation of law.” In answering this question, the husband argues that “[t]he court erroneously ruled that it could not exercise jurisdiction of the motion for relief from judgment because the motion was untimely.”
In his brief to this court, the husband states, “It is undisputed that the [husband] had a viable motion to set aside a default judgment. Moreover, it is undisputed that the motion to set aside the default judgment was denied by operation of law under Rule 59.1 of the Alabama Rules of Civil Procedure.”
The husband’s first post-judgment motion was a Rule 55(c), Ala.R.Civ.P., motion to set aside the default judgment, and that motion was subject to Rule 59.1, Ala.R.Civ. P., which provides:
“No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
The trial court did not grant or deny the motion. The parties did not agree to a *515 continuation in accordance with Rule 59.1. Thus, the husband’s motion was denied by operation of law.
The husband did not appeal within 42 days of the denial. However, after 10 months the husband filed a Rule 60(b)(6), Ala.R.Civ.P., motion seeking relief from the default judgment.
The trial court concluded that after the Rule 55(c) motion to set aside the default judgment was denied by operation of law, the husband had 42 days in which to appeal and, the court added, after the 42 days had run, the court no longer had jurisdiction.
It is well settled that a Rule 60(b) motion cannot be used as a substitute for an appeal. Pitts v. Henley, 384 So.2d 1105 (Ala.Civ.App.1980). A denial of a post-judgment motion made pursuant to Rule 50, 55, or 59 is reviewed only by way of appeal, and the trial court does not have jurisdiction to “reconsider” the denial. Vaughan v. Vaughan, 539 So.2d 1058 (Ala.Civ.App.1988). The husband had 42 days from the date of the denial of the Rule 55(c) motion in which to appeal. Consequently, we conclude that the husband’s appeal is untimely and, therefore, that this court lacks jurisdiction to consider it. “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala.R.App.P. Because this court is without jurisdiction, it is required to dismiss the appeal ex mero motu. Burton v. Burton, 710 So.2d 1257, 1258 (Ala.Civ.App.1997).
APPEAL DISMISSED.
YATES and CRAWLEY, JJ„ concur.
ROBERTSON, P.J., and THOMPSON, J., dissent.