SEE, Justice.
S & Davis International, Inc., and Roy W. Davis are defendants in an action filed in the Madison Circuit Court. They petition for a writ of mandamus directing the circuit court to vacate a default judgment entered against them in that case. We deny the petition.
Roy W. Davis and a company he controls, S & Davis International, Inc. (referred to together as “Davis”), contracted to supply wheat to the Republic of Yemen. When the price of wheat fell, Yemen refused to accept the wheat.[1] Davis asked Dr. Manu Patel for his expertise and financial assistance in resolving the contract dispute with Yemen. On January 7, 1998, Davis and Patel executed an agreement that provided as follows:
“For, and in consideration of the financial support extended from Dr. Manu C. Patel, d/b/a SK International, to assist S & Davis Company to resolve their contract dispute ... to supply wheat to the Yemen Republic (the Buyers) [sic].
“This is to acknowledge that SK International has provided the necessary financial assistance to S & Davis International, the receipt of which is acknowledged by S & Davis International, by signing this contract.
“For consideration of receiving the above noted financial support, the S & Davis Company is agreeable to the following:
“1. In the event that a contract dispute is settled by the Buyer, executing the contract by opening a confirmed Letter of Credit acceptable to the S & Davis Company, then S & Davis will execute an assignment of proceeds from said Letter of Credit, to Dr. Manu C. Patel, d/b/a SK International, in the amount of $1.00 per metric ton of wheat per shipment, with payment from each shipment approved from a confirming bank in the USA. However, the total payment to SK International shall not be less that [sic] $300,000.
“2. In the event that a contract dispute is not settled by execution of the contract, and shipment of the wheat, but through arbitration using the GAFTA [Grain and Feed Trade] Association, then Dr. Manu C. Patel, d/b/a SK International shall be entitled to receive from net proceeds to S & Davis Company, the amount of four (4%) percent of *679 the gross award by GAFTA to S & Davis International.”
Patel and Davis both signed the agreement.[2]
Subsequently, Davis and Patel executed an “Amended and Restated Agreement.” However, Davis and Patel disagree over which copy of the amended and restated agreement they actually executed. Patel claims that paragraph 2 of the original agreement was amended on July 28, 1999, to provide that in the event of a settlement through arbitration or another out-of-court negotiation, he would receive 8% of the net proceeds and that the net proceeds would not be less than 50% of the gross collection proceeds. Davis claims that he never signed the July 28, 1999, amended agreement.[3] Rather, Davis states that he and Patel agreed that Patel’s percentage in the event of a resolution through arbitration or settlement would be 5% and that “net proceeds” would mean “net to capital S & Davis.”
On July 1, 1999, Patel sued Davis, alleging fraud, breach of contract, money had and received, and work and labor done. In his complaint, Patel asked the trial court to declare the July 28, 1999, amended agreement to be a “legal, binding and enforceable agreement.” Davis alleges that after Patel filed the complaint, Davis and Patel continued to negotiate the percentage. Mr. Davis claims that he and Patel reached an agreement as to the percentage and that Patel agreed to dismiss the lawsuit.[4]
On February 9, 2000, Patel moved for a default judgment. The next day, the trial court granted Patel’s motion and declared that the July 28, 1999, amended agreement was a legal, binding, and enforceable agreement. On March 6, 2000, Davis moved, pursuant to Rule 55(c), Ala.R.Civ. P., to set aside the default judgment. After conducting a hearing, the trial court, on May 8, 2000, denied Davis’s motion to set aside the default judgment.[5] Davis petitions this Court for a writ of mandamus directing the trial court to set aside the default judgment.
The denial of a postjudgment motion made pursuant to Rule 55, Ala. R.Civ.P., is renewable only by way of appeal. See Greene v. Greene, 739 So.2d 513, 515 (Ala.Civ.App.1999); Vaughan v. Vaughan, 539 So.2d 1058, 1059 (Ala.Civ.App.1988)(overruled on other grounds). Moreover, a petition for *680 “[mjandamus relief is not appropriate when it ‘requests this Court to do something that can be done on appeal.’ ” Ex parte Heaton, 738 So.2d 877, 878 (Ala.1999) (quoting Ex parte State Farm Gen. Ins. Co., 549 So.2d 484, 485 (Ala.1989)). Rule 4(a)(1), Ala.R.App.P., provides that a notice of appeal shall be filed “within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.” However, the filing of a postjudgment motion pursuant to Rule 55, Ala.R.Civ.P., suspends the running of the time for filing a notice of appeal. See Rule 4(a)(3), Ala. R.App.P. The full time for filing an appeal begins to run on the date the post-judgment motion is denied. See Rule 4(a)(3).
The trial court denied Davis’s Rule 55(c) postjudgment motion on May 8, 2000. Under Rule 4(a)(1), Davis had 42 days in which to file a notice of appeal. The time for filing the notice of appeal expired on June 19, 2000. Davis did not file a notice of appeal. Instead, on July 14, 2000, he petitioned this Court for a writ of mandamus directing the trial court to set aside its default judgment. A petition for the writ of mandamus “cannot be substituted for [a notice of] appeal.” Ex parte State Farm Gen. Ins. Co., supra, 549 So.2d at 485. Therefore, we deny Davis’s petition for the writ of mandamus.
WRIT DENIED.
MOORE, C.J., and BROWN, HARWOOD, and STUART, JJ., concur.

. For the related history in this case, see S & Davis International, Inc. v. Republic of Yemen, 218 F.3d 1292 (11th Cir.2000).

. The term “gross,” when used in referring to the "gross award by GAFTA” in paragraph 2, was struck through on the original agreement. Beside the word "gross” was written the word "net.” Both Patel and Davis initialed that change. However, this change is irrelevant for the purposes of the present action.

. However, the documents presented to this Court do bear Davis's signature.

. However, Davis has provided this Court with no documentation supporting this purported agreement.

. Judge Loyd H. Little, Jr., the trial court judge in this case, filed an answer to Davis’s petition for the writ of mandamus. In that answer, Judge Little states that following the hearing on Davis's motion to set the judgment aside, counsel for the parties requested an opportunity to discuss settlement. Judge Little afforded counsel that opportunity. The parties and their attorneys, after consultation, returned to the courtroom and announced that they had settled the case and that the final judgment would-be modified "by agreement.” Judge Little states that he directed the attorneys to prepare a consent judgment to be forwarded to him for his signature. A copy of the trial court's motion docket supports Judge Little’s understanding of a settlement. Based on the settlement, Judge Little denied Davis's motion to set aside the default judgment. However, there is no indication that the parties actually prepared the consent judgment for Judge Little’s signature.